IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MARYLAND

FLORENCE MACKLIN            \*
           \*
     v.            \*     Civil No. JFM-06-2567
           \*
AMERICAN SUGAR REFINING, INC.    \*
           \*\*\*\*\*

MEMORANDUM

Plaintiff has instituted this pro se action for gender discrimination. Discovery has been completed, and defendant has filed a motion for summary judgment. Plaintiff has responded to the motion. The motion will be granted.

Plaintiff is one of three "raw sugar operators" at defendant's raw sugar refinery in Baltimore. The other two raw sugar operators are male. Plaintiff's claims arise from the fact that on two occasions representatives of defendant's management met with her after she had taken a bathroom break without receiving prior permission. On one of these occasions, she was gone from her post for forty minutes; on the other occasion she was away from her post for thirty minutes.

The summary judgment record establishes that it is important for raw sugar operators to remain at their post (or have someone be at their post for them) because the level of raw sugar in flow for which they are responsible must remain constant. Accordingly, the raw sugar operators are provided with a radio to request unscheduled breaks if they need them.

According to an affidavit submitted by Ron Frey, defendant's Human Resource Manager in Baltimore, defendant has a policy requiring raw sugar operators to call for relief before leaving their post if they wish to take unscheduled breaks. Taken as a whole, the record draws into question whether that policy is followed if the raw sugar operators use a bathroom adjacent

to their work area for a short break.  Prior to the two incidents about which plaintiff complains, that bathroom was available only to the male raw sugar operators.  However, after the second incident, the bathroom was converted to a unisex bathroom and a lock was placed on it.

The record contains no evidence showing that if male raw sugar operators desire to take an unscheduled break to use a bathroom other than the one adjacent to their work area, they must radio and obtain permission to take a break so that another employee can assume their post. Further, the record establishes that after the second incident about which plaintiff complains, the bathroom adjacent to the raw sugar operator's work area was converted to a unisex bathroom. Likewise, the record establishes that if plaintiff desires to use that bathroom, she does not have to obtain permission for an unscheduled break.

On this record plaintiff has not presented any evidence demonstrating that she was subjected to disparate treatment because of her gender.  She was not disciplined in connection with either of the incidents about which she complains.  Moreover, after the problem she was facing was brought to management's attention, they accommodated her by converting the bathroom adjacent to the raw sugar operator's work area to a unisex bathroom (accompanied with a lock).  Plaintiff does not like to use that bathroom because she believes it to be "substandard and unclean."  This, however, does not establish disparate treatment.  She may take an unscheduled break to use a cleaner bathroom further from the raw sugar operator's work area if she wants to, provided only that she obtain permission to do so by radio so that someone else can take her post.  In that regard she is subjected to precisely the same requirement that the two

male raw sugar operators with whom she works must meet.[1]

For these reasons, defendant is entitled to the summary judgment it seeks. Accordingly, an order granting its motion is being entered herewith.

Date: September 26, 2007            /s/_____
                                    J. Frederick Motz
                                    United States District Judge

---

[1] Plaintiff also complains that when she walks to the bathroom that is not adjacent to her work area, she is subjected to harassing comments by other employees along the way. She has presented no evidence to substantiate that claim, however.